UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. HUGH DUCKWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-11169-FDS |
| | ) |
| R3 EDUCATION, INC., f/k/a | ) |
| EIC HOLDING, INC., f/k/a, | ) |
| EIC ACQUISITION CORPORATION, | ) |
| STEVEN C. RODGER, and | ) |
| TERRY J. MOYA | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants R3 Education Inc. ("R3"), Steven C. Rodger, and Terry J. Moya move for entry of an ordering dismissing the Complaint in its entirety for failure to state a claim.

The Complaint purports to assert claims for unlawful discrimination and breach of contract in connection with the termination of Plaintiff's employment with R3 and the corresponding termination of his rights in relation to R3's stock option plan. The claims all are barred because Plaintiff entered into a fully enforceable agreement, in which he acknowledged that his repeated insobriety at work-related events was grounds for terminating his employment and in which he released any and all claims against the Defendants – including any claims that might arise in relation to the termination of his employment. Plaintiff entered into that agreement voluntarily and accepted substantial benefits in consideration of it. The Complaint should be dismissed on this basis alone.

Even if Plaintiff had not signed a valid release that bars all of his claims, the Complaint fails to state a claim on other grounds as well.  The discrimination claims fail because the Complaint does not allege that R3 regarded Duckworth as being substantially limited in a major life activity, and because Duckworth in any event was not a "qualified" handicapped person – he was subject to termination, notwithstanding his disability, for violating an established workplace rule prohibiting insobriety on the job.  The contract claims also fail because Duckworth admittedly violated that workplace rule, which entitled R3 to terminate his employment and any stock option rights relating to his employment.

In support of their motion, Defendants submit the accompanying Memorandum.

R3 EDUCATION, INC., ET AL.,

/s/ Daryl J. Lapp

_____

Daryl J. Lapp (BBO #554980)
  daryl.lapp@lockelord.com
Katherine A. Guarino (BBO #681848)
  katherine.guarino@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
617-239-0100

August 25, 2017

### Certificate of Compliance with Local Rule 7.1(a)(2)

I certify pursuant to Local Rule 7.1(a)(2) that, on August 25, 2017, counsel for Defendants conferred with counsel for Plaintiff and attempted in good faith to resolve or narrow the issues involved in this motion.

/s/ Daryl J. Lapp

_____

Daryl J. Lapp

## Certificate of Service

    I certify pursuant to Local Rule 5.2(b) that on August 25, 2017, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

                                                    /s/ Daryl J. Lapp
                                             _____
                                               Daryl J. Lapp

AM 66876440.2