# Exhibit E

## R3 Education Inc.
Reputation
Recognition
Resources

July 1, 2013

Dr. Hugh Duckworth
23 Walnut Street
Devens, MA 01434

    Re:    Agreement Concerning Continued Employment

Dear Hugh:

As we have discussed, I have placed you on paid leave from your employment with R3 Education Inc. (the "Company") as a result of your repeated insobriety while rendering services as an employee the Company. Your salary will be reduced to the annual amount of $110,000 while you remain on paid leave.

Your repeated insobriety would justify your termination for cause. I am willing to continue your employment with the Company, subject to the terms and conditions set forth in this letter. The offer to continue your employment on these terms and conditions will remain open until 5:00 p.m. on July 28, 2013. If the offer is not accepted by that time, the offer will expire and you will be terminated for cause effective immediately.

The terms and conditions on which you may continue your employment with the Company are as follows.

1. You are relieved of your duties as Executive Dean of Saba University School of Medicine.

2. You will maintain the titles of Associate Dean of Basic Sciences of Medical University of the Americas and St. Matthew's University School of Medicine. In those positions, you will perform such duties as requested by me or a designee from time to time.

3. Except as specifically directed by me or a designee, you will cease to come in to the office for the performance of any of your job duties and instead perform such duties at a home office or other location at your expense. To the extent the Company requires you to travel for business (other than to the office in Devens), we will reimburse you for reasonable out-of-pocket expenses.

4. Except as specifically approved by me or a designee, you will surrender all keys and other Company property, including but not limited to all records, reports, files, memoranda, manuals or other documents (whether in written, electronic or any other form); all correspondence or other communications; all disks, tapes, software, and manuals; all credit cards; all door and file keys; all computer or other access codes; and any copies, duplicates, reproductions, or excerpts of any of the foregoing.

5.   Your salary is reduced to the annual amount of $110,000.

6.   With respect to your participation in any employee stock option plans of the Company or any related or affiliated entity, you agree to forfeit all employee stock options that, as of the date of this letter, are unvested or are vested but not exercised. You also agree that, except as specifically modified by this agreement, the terms of your stock option agreement(s), including those terms relating to non-competition, non-solicitation and non-disparagement, remain in effect.

7.   You will immediately seek appropriate professional help for your substance abuse problem. You will permit your treatment provider(s) to disclose to the Company information concerning your compliance with and progress in that treatment as well as your fitness to perform your job duties. Depending upon your compliance and progress, the Company in its sole discretion may increase the scope of your duties and responsibilities and otherwise revisit the terms of its arrangement with you.

8.   Nothing in this agreement constitutes a guarantee of continued employment, regardless of your compliance with the terms and conditions set forth herein. Throughout your continued employment with the Company, you will be subject to termination at will, i.e., at any time and for any reason or no reason, or for cause, including but not limited to your repeated insobriety prior to the date of this letter.

9.   Employee hereby releases and discharges the Company and all of its related or affiliated entities and all of the trustees, officers, employees, agents and affiliates of all of the foregoing (collectively, the "Releasees") from all claims or liabilities of any kind, whether known by the Employee or unknown, including but not limited to any claims arising out of or relating in any way to Employee's employment with the Company. The claims the Employee is releasing include but are not limited to any claims under any federal, state, or local law or common law prohibiting employment discrimination or regulating the employment relationship, including but not limited to any claims under federal or state law relating to discrimination on the basis of gender, race, national origin, disability or age, including but not limited to the Age Discrimination in Employment Act. It is expressly agreed and understood that this release is a General Release. Employee warrants that he has not filed any complaint, charge or claim for relief against any of the Releasees with any local, state or federal court or administrative agency. Employee agrees and covenants not to bring any complaint in any court against any of the Releasees with respect to any matters arising out of or relating in any way to Employee's employment with the Company, with the sole exception of any claim to enforce the terms of this Agreement. Nothing herein precludes Employee from participating in or cooperating with any investigation or proceeding conducted by the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission, or any other state or federal administrative agency. However, in the event that a charge or complaint against any of the Releasees is filed with or instituted by any such agency, Employee expressly waives any right to receive and will not accept any monetary damages in connection therewith.

10.  Employee acknowledges that he has carefully read this Agreement and knows its contents; that the Company has recommended that he be advised in connection with

this Agreement by an attorney of his choosing before signing it; and that he is entering into this Agreement voluntarily, fully intending to be bound by its terms. Employee further acknowledges that he has been given at least twenty-one days to consider the meaning and effect of this agreement before signing it, although he may decide to sign it earlier than twenty-one days. If Employee has signed this agreement earlier than twenty-one days after receiving it, he warrants and represents that he has done so voluntarily. Employee further understands and acknowledges that she may revoke this agreement within the seven days following the day that she executes it. Any revocation within this period must be delivered in writing to Steve Rodger

11. This Agreement sets forth the entire understanding and agreement between the Company and the Employee with respect to the matters addressed herein. It supersedes and cancels all prior or contemporaneous discussions, negotiations, representations or agreements with respect to the matters addressed herein.

12. This Agreement may not be modified in any manner except in writing signed by each of the parties.

To signify your agreement to the terms and conditions set forth above, please sign as indicated below and return this letter to me by email to srodger@r3education.com or fax to 203-724-2281.

Sincerely,

*[signature]*

Steven Rodger

AGREED.

*[signature]* Hugh K. Duckworth          7/29/13

Dr. Hugh Duckworth                       Date